IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ANDREI BANKEVICH,<br><br>    Petitioner,<br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director of the St. Paul Field Office Immigration and Customs Enforcement; and MATT MCCLEARY, in his official capacity as Muscatine County Jail Administrator,<br><br>    Respondents. | No. 3:26-cv-00019-RGE-SBJ<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

**I.    INTRODUCTION**

Petitioner Andrei Bankevich requests a temporary restraining order barring Respondents Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; David Easterwood, in his official capacity as Acting Director of the St. Paul Field Office Immigration and Customs Enforcement; and Matt McCleary, in his official capacity as Muscatine County Jail Administrator, from moving him outside the Southern District of Iowa during the pendency of his habeas litigation. Bankevich was detained over a year ago in Minnesota pursuant to immigration proceedings. He was then moved to the Muscatine County Jail in Muscatine, Iowa,

on December 3, 2025, where he continues to be detained. Bankevich filed a writ of habeas corpus challenging his ongoing detention as a violation of his Fifth Amendment due process rights and 8 U.S.C. § 1231(a).

For the reasons set forth below, the Court grants Bankevich's motion for a temporary restraining order enjoining Respondents from moving him outside the District.

## II.   BACKGROUND

Because of the preliminary nature of a temporary restraining order, the Court's findings of fact and conclusions of law in this order are not binding in future proceedings. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

Bankevich is a citizen of Belarus who fled political persecution in 2021. Pet'r's Pet. Writ Habeas Corpus ¶¶ 14–15, ECF No. 1. He arrived in the United States on August 29, 2021, where he was inspected and applied for admission at a California port of entry. *Id.* ¶ 16. He filed an application for asylum on July 25, 2022. *Id.* ¶ 17. Bankevich then moved to Minneapolis. *Id.*

Bankevich was arrested by Immigrations and Customs Enforcement (ICE) officers on February 24, 2025, and detained in Minnesota. *Id.* ¶ 19. He filed for a bond hearing, which occurred on March 12, 2025. *Id.* ¶ 4. The Immigration Judge denied bond on jurisdictional grounds, ruling Bankevich an "arriving alien" subject to mandatory detention. *Id.* ¶¶ 4, 19.

On March 28, 2025, an Immigration Judge granted Bankevich Withholding of Removal and relief under the Convention Against Torture. *Id.* ¶ 20; Pet'r's Mot. TRO ¶ 1, ECF No. 2. Bankevich was denied asylum because his counsel did not file a completed application by the one-year filing deadline. *Id.* Bankevich's removal orders became administratively final thirty days later, on April 28, 2025. ECF No. 1 ¶ 42.

On June 9, 2025, the ICE Enforcement and Removal Operations (ERO) office in St. Paul, Minnesota, conducted a custody review and determined Bankevich was a flight risk because of his

Belarusian citizenship. *Id.* ¶ 21. Bankevich's counsel repeatedly requested additional information regarding ICE's custody determination from June through November of 2025 and emphasized Bankevich's next step would be to pursue habeas relief. *Id.* ¶¶ 21–22, 43. Bankevich's counsel filed a written request for custody review with the St. Paul ICE Enforcement and Removal Operations office on November 24, 2025. *Id.* ¶ 22.

A few days later, after the commencement of Operation Metro Surge in Minnesota, Bankevich was moved to the Muscatine County Jail in Muscatine, Iowa. *Id.* ¶¶ 23–25. Bankevich remains in custody at the Muscatine County Jail. *Id.* ¶ 26.

The Court sets out additional facts as necessary below.

### III.   LEGAL STANDARD

The four factors the Court considers when determining whether to issue a temporary restraining order are set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*: 1) "the probability that movant will succeed on the merits"; 2) "the threat of irreparable harm to the movant"; 3) "the state of the balance between this harm and the injury that granting [preliminary relief] will inflict on other parties litigant"; and 4) "the public interest." 640 F.2d 109, 113 (8th Cir. 1981); *see also Sports Design & Dev., Inc. v. Schoneboom*, 871 F. Supp. 1158, 1162–63 (N.D. Iowa 1995) (citing *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989)). When a plaintiff seeks to restrain governmental action, the public interest and balancing of harm factors largely merge. *See Eggers v. Evnen*, 48 F.4th 561, 564 (8th Cir. 2022). Ultimately, the Court must "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1989) (citation omitted).

"Success on the merits has been referred to as the most important of the four [*Dataphase*] factors." *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). "When determining the likelihood of [Petitioner's] success on the merits, [the Court does] not have to decide whether [Petitioner] will ultimately win, [but preliminary relief] cannot issue if there is no chance of success on the merits." *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 953 F.3d 1041, 1044 (8th Cir. 2020) (cleaned up) (citations omitted). Further "[Petitioner] does not need to prove a greater than fifty per cent likelihood that [he] will prevail on the merits." *Id.* at 1044–45 (citation omitted). But Petitioner "must . . . show a 'fair chance of prevailing.'" *Id.* at 1045 (quoting *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc)). When a petitioner asserts multiple claims and seeks preliminary relief, "[t]he [petitioner] need only establish a likelihood of succeeding on the merits of any one of [his] claims." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1040 (8th Cir. 2016) (internal quotation marks and citation omitted).

**IV.   DISCUSSION**

Application of the *Dataphase* factors is not a "rigid formula." *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999). "No single factor in itself is dispositive; in each case all the factors must be considered to determine whether on balance they weigh towards granting [preliminary relief]." *Calvin Klein Cosms. Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987). The Court concludes each *Dataphase* factor weighs in favor of granting Bankevich's motion for a temporary restraining order enjoining Respondents from removing him from the District.

The Court considers each *Dataphase* factor, starting with the most significator factor: Bankevich's likelihood of success on the merits of his claim. *Cf. Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) ("While no single factor is determinative, the probability of

4

success factor is the most significant" (internal quotation marks and citation omitted)). Bankevich argues his continued detention violates his Fifth Amendment due process rights and 8 U.S.C. § 1231(a). ECF No. 1 ¶¶ 39–46; ECF No. 2 ¶ 10. Bankevich was granted a Withholding of Removal and relief under the Convention Against Torture on March 28, 2025; his removal orders became administratively final thirty days later on April 28, 2025. ECF No. 2 ¶ 10. Therefore, Bankevich has been detained pursuant to a final order of removal for approximately ten months. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Detention is presumptively unreasonable and constitutes a violation of the Fifth Amendment when a detainee has been detained for more than six months after the beginning of their removal period and there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. There are no facts from which the Court determines Bankevich will be removed in the reasonably foreseeable future. *See generally* ECF No. 1; ECF No. 2. Because Bankevich has been detained beyond the presumptive six-month period and there is no indication his removal is significant likely in the reasonably foreseeable future, he is likely to succeed on the merits of his claim. Therefore, that *Dataphase* factor weighs in favor of Bankevich.

The Court next considers the threat of irreparable harm to Bankevich should his motion for a temporary restraining order be denied. "To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski*, 648 F.3d at 706 (quoting *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996)). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Rogers Grp., Inc. v. City of Fayetteville*, 629 F.3d 784, 789 (8th Cir. 2010) (quoting *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009)). A denial of

Bankevich's temporary restraining order and the possibility of his transfer outside the District during the pendency of his habeas litigation will likely result in Bankevich's prolonged physical detention. *See* ECF No. 2 ¶ 8. The loss of freedom resulting from continued detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see Matacua v. Frank*, 308 F. Supp. 3d 1019, 1025 (D. Minn. 2018) (recognizing "a loss of liberty" is "perhaps the best example of irreparable harm"). Prolonged detention resulting from Bankevich's transfer outside the District during the pendency of his litigation constitutes irreparable harm. Therefore, the irreparable harm *Dataphase* factor weighs in favor of Bankevich.

When a petitioner seeks preliminary relief against the government, the public interest and balancing of harm factors largely merge. *See Eggers*, 48 F.4th at 564. Under the balance of harm factor, the Court considers "the balance between th[e] harm [to the petitioner] and the injury that the injunction's issuance would inflict on other interested parties." *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 928 (8th Cir. 1994). Under the public interest factor, the Court considers whether a temporary restraining order would serve the public interest. *Dataphase*, 640 F.2d at 113. The public interest can include, for example: promoting the national defense, *Winter*, 555 U.S. at 24; protecting constitutional rights, *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), overruled on other grounds by *Phelps-Roper v. City of Manchester*, 697 F.3d 678 (8th Cir. 2012) (en banc); or having governmental agencies fulfill their obligations, *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 997 (8th Cir. 2011). Bankevich's liberty interest in avoiding prolonged detention prompted by a transfer outside the District outweighs Respondents' presumed interest in detainee management. *See* ECF No. 2 ¶ 9. Bankevich has already been transferred between jurisdictions. ECF No. 1 ¶ 25. And he has been detained in Muscatine, Iowa, for three months; it is unlikely his continued detention in the District during the pendency of his habeas litigation will create a hardship for Respondents that would outweigh Bankevich's liberty interests.

The public has an interest in the efficient administration of immigration proceedings and resolution of claims brought before the Court, as well as an interest in the protection of Fifth Amendment Due Process rights. *Cf. Phelps-Roper v. Nixon*, 545 F.3d at 690. On balance, the relative hardships and public interest weigh in favor of granting Bankevich's request for a temporary restraining order to enjoin his transfer outside the District.

Because each of the *Dataphase* factors weigh in favor of Bankevich, the Court grants Bankevich's motion for a temporary restraining order enjoining Respondents from transferring him outside the District.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner Andrei Bankevich's Motion for Temporary Restraining Order, ECF No. 2, is **GRANTED.** Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, David Easterwood, and Matt McCleary are required to ensure Bankevich is not removed from the Southern District of Iowa. This temporary restraining order will remain in effect for fourteen days unless extended for good cause. Fed. R. Civ. P. 65(b)(2).

**IT IS SO ORDERED**.

Dated this 5th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE