IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| ANDREI BANKEVICH, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; DAVID EASTERWOOD, in his official capacity as Acting Director of the St. Paul Field Office Immigration and Customs Enforcement; and MATT MCCLEARY, in his official capacity as Muscatine County Jail Administrator, <br><br> Respondents. | **No. 3:26-cv-00019-RGE-SBJ** <br><br> **ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |

## I.    INTRODUCTION

Petitioner Andrei Bankevich brings a petition for writ of habeas corpus against Respondents Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; David Easterwood, in his official capacity as Acting Director of the St. Paul Field Office Immigration and Customs Enforcement; and Matt McCleary, in his official capacity as Muscatine County Jail Administrator. Bankevich was detained over a year ago in Minnesota pursuant to immigration proceedings. He was then moved to the Muscatine County Jail in Muscatine, Iowa, on December 3, 2025, where he continues to be detained. Bankevich challenges

his ongoing detention as a violation of his Fifth Amendment due process rights and 8 U.S.C. § 1231(a).

The Court concludes Bankevich is being detained unlawfully and grants his petition for a writ of habeas corpus.

## II.   BACKGROUND

The pertinent facts alleged in the petition are uncontested. *See* Fed. Resp'ts' Reply Pet'r's Pet. Writ Habeas Corpus 1–2, ECF No. 8. The petition alleges Bankevich is a citizen of Belarus who fled political persecution in 2021. Pet'r's Pet. Writ Habeas Corpus ¶¶ 14–15, ECF No. 1. He arrived in the United States on August 29, 2021, where he was inspected and applied for admission at a California port of entry. *Id.* ¶ 16. He filed an application for asylum on July 25, 2022. *Id.* ¶ 17. Bankevich then moved to Minneapolis. *Id.*

Bankevich was arrested by Immigrations and Customs Enforcement (ICE) Enforcement and Removal Operations officers on February 24, 2025, and detained in Minnesota. *Id.* ¶ 19. He filed for a bond hearing, which occurred on March 12, 2025. *Id.* ¶ 4. The Immigration Judge denied bond on jurisdictional grounds, ruling Bankevich an "arriving alien" subject to mandatory detention. *Id.* ¶¶ 4, 19.

On March 28, 2025, an Immigration Judge granted Bankevich Withholding of Removal and relief under the Convention Against Torture. *Id.* ¶ 20; ECF No. 8 at 2. Bankevich was denied asylum because his counsel did not file a completed application by the one-year filing deadline. *Id.* Bankevich's removal orders became administratively final thirty days later, on April 28, 2025. ECF No. 1 ¶ 42.

On June 9, 2025, the ICE Enforcement and Removal Operations office in St. Paul, Minnesota, conducted a custody review and determined Bankevich was a flight risk because of his Belarusian citizenship. *Id.* ¶ 21. On June 23, 2025, ICE Enforcement and Removal Operations

served Bankevich with a letter informing him of this determination. ECF No. 8 at 2. Bankevich's counsel repeatedly requested additional information regarding ICE's custody determination from June through November of 2025 and emphasized Bankevich's next step would be to pursue habeas relief. ECF No. 1 ¶¶ 21–22, 43. Bankevich's counsel filed a written request for custody review with the St. Paul ICE Enforcement and Removal Operations office on November 24, 2025. *Id.* ¶ 22.

A few days later, after the commencement of Operation Metro Surge in Minnesota, Bankevich was moved to the Muscatine County Jail in Muscatine, Iowa. *Id.* ¶¶ 23–25. Bankevich remains in custody at the Muscatine County Jail. *Id.* ¶ 26.

On March 3, 2026, Bankevich filed a petition for a writ of habeas corpus, asserting he is being detained in violation of his Fifth Amendment due process rights (Count One) and 8 U.S.C. § 1231(a) (Count Two). *Id.* ¶¶ 39–46. Bankevich requests the Court order Respondents to release him from detention; require Respondents to return Bankevich's property; enjoin Respondents from implementing any conditions on his release, including ankle monitors, body-worn GPS, telephonic tracking, or tracking through mobile applications; and retain jurisdiction over this matter. *Id.* at 12. Federal Respondents—Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood— filed a response. ECF No. 8. State Respondent Matt McCleary, who has physical custody of Bankevich, did not file a response, nor has counsel appeared on his behalf. ECF No. 1 ¶ 13.

Bankevich also filed a motion for a temporary restraining order enjoining Respondents from removing him from the Southern District of Iowa. Pet'r's Mot. TRO, ECF No. 2. The Court granted Bankevich's motion. Order Granting Pet'r's Mot. TRO, ECF No. 7.

The Court sets out additional facts as necessary below.

3

### III.  LEGAL STANDARD

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). "[T]he writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). The district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The district court's habeas jurisdiction also includes challenges to detention by noncitizens. *See id.*; *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018).

### IV.  DISCUSSION

Federal Respondents concede Bankevich's removal orders became final ten months ago and he has been detained for over a year. ECF No. 8 at 2–3. Federal Respondents recognize the well-settled law in this area—detaining a noncitizen subject to removal for more than six months is presumptively unreasonable. *See id.* at 3; *Zadvydas*, 533 U.S. at 701. Yet ICE Enforcement and Removal Operations "will not release Petitioner from detention absent a Court order." *Id.* ICE Enforcement and Removal Operations implies it will continue to violate Bankevich's fundamental rights—and the law—and will not release Bankevich until a court orders it to do so. Such an Order should be unnecessary. Nonetheless, because of Federal Respondents' intransigence, the Court now orders Bankevich's release as set forth below.

#### A.  Detention

Following an order to remove a noncitizen, 8 U.S.C. § 1231(a)(1) provides "the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this

4

section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).[1] The statute permits detention of a noncitizen beyond the ninety-day removal period where the noncitizen "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). However, even if an exception permitting detention outside the ninety-day removal period applies, noncitizens may not be held indefinitely. *Zadvydas*, 533 U.S. at 689–90 (noting § 1231(a)(6) "does not permit indefinite detention"). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Detention is presumptively unreasonable and constitutes a violation of the Fifth Amendment when a detainee has been detained for more than six months after the beginning of their removal period and there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Federal Respondents "accept that the law provides that the justification of preventing flight is 'weak or nonexistent when removal seems a remote possibility.'" ECF No. 8 at 3 (quoting *Zadvydas*, 533 U.S. at 690). Federal Respondents "further accept that the burden of establishing a reasonable likelihood of removal within the foreseeable future rests with them." ECF No. 8 at 3; *see* 8 C.F.R. § 241.13.

Federal Respondents are aware of what the law requires. Nonetheless, Federal Respondents do not provide any facts sufficient to meet their burden to show Bankevich will be removed in the reasonably foreseeable future. *See generally* ECF No. 8. Federal Respondents "inform the Court that ICE, ERO and ICE Headquarters indicate that they have been working on possible third country removals from September 2025 until February 2026." *Id.* at 3. But this conclusory assertion is merely supported by two repeated sentences: "ICE HQ indicated they were working with the Department of State and DHS on third country removals" and "ERO St. Paul followed up

---

[1] While the relevant statutory provisions use the term "alien," the Court uses the term "noncitizen."

with ICE HQ regarding a custody decision in [Bankevich]'s case." Ex. A. Supp. Fed. Resp'ts' Reply Pet'r's Pet. Writ Habeas Corpus ¶¶ 13–21, ECF No. 8-1. These two sentences, unsupported by any specific facts or documentation, do not meet Federal Respondents' burden to justify Bankevich's prolonged and seemingly interminable detention. *Cf. Zadvydas*, 533 U.S. at 699; 8 C.F.R. § 241.13. Federal Respondents do not meaningfully defend their actions or put forth a lawful basis for Bankevich's continued detention. Instead, ICE Enforcement and Removal Operations looks to the Court to demand its adherence to the law. It is untenable that federal officials refuse to meet their obligation to follow the law without a specific judicial mandate to do so.

Because Bankevich has been detained beyond the presumptive six-month period and ICE Enforcement and Removal Operations provides no indication his removal is significantly likely in the reasonably foreseeable future, the Court finds Bankevich is being unlawfully detained in violation of the Due Process clause of the Fifth Amendment and 8 U.S.C. § 1231. The Court grants Bankevich's petition for a writ of habeas corpus.

### B. Remedy

Because Bankevich is being unlawfully detained, the Court grants his requested relief of release from custody. *See* ECF No. 1 at 12. State Respondent Matt McCleary, as "the person having custody of the person detained," is directed to release Bankevich. *See* 28 U.S.C. § 2243. Federal Respondents are directed to ensure the release of Bankevich by McCleary. The Court further orders Respondents to release Bankevich from custody along with any items, including identification documents, he possessed at the time he was detained. *See id.* The Court denies the request to enjoin specific conditions of release, but retains jurisdiction to decide any further violations of law related to Bankevich's post-removal-period detention and release, including any unlawful conditions of release. *See id.*; *Zadvydas*, 533 U.S. at 688. The Court also retains

jurisdiction to decide future motions for awards of reasonable attorneys' fees and costs. *See* ECF No. 1 at 12.

## V.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner Andrei Bankevich's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED.** Respondent Matt McCleary shall release Petitioner from custody immediately. Federal Respondents shall ensure State Respondent releases Petitioner from custody immediately. Bankevich shall be released with any items taken from him at the time of his detention.

**IT IS FURTHER ORDERED** that Federal Respondents shall certify compliance with the Court's order by filing an entry on the docket by March 11, 2026.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction over this matter as set forth above.

**IT IS SO ORDERED**.

Dated this 11th day of March, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE